# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-07-038 |
| | § | |
| REGINO GARCIA | § | |

## ORDER DENYING BOND

The Court has before it Defendant Regino Garcia's "Appeal of Order of Detention" [Doc. # 180] (the "Motion")[1] and has conducted a *de novo* review of Defendant's application for bond. The Court has considered the Motion, the Government's Response [Doc. # 182], the transcript of the detention hearing held before Magistrate Judge Calvin Botley on April 5, 2007 [Doc. # 172], the original Pretrial Services Report and its Addendum # 1, the Magistrate Judge's Order of Detention Pending Trial filed April 5, 2007 [Doc. # 144], all other matters of record pertaining to Defendant Garcia, as well as applicable law. Defendant, a United States citizen, states that his mother and Mayra Angel Tamez, both United States citizens,

---

[1] Defendant explains that he did not intend to appeal the Magistrate Judge's ruling to the Court of Appeals for the Fifth Circuit, as indicated by the title of the Motion. Rather, Defendant seeks a District Judge's *de novo* review of the Magistrate Judge's denial of bond. *See* Doc. # 181.

are willing to serve as sureties on a bond for him. The Court denies Defendant's motions.

Defendant is charged in Count 1 with participating in a drug conspiracy, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846, and in Count 5 with aiding and abetting possession with intent to deliver cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 18 U.S.C. § 2.  Count 1 is punishable by no less than 10 years and not more than life imprisonment, among other sanctions.

Under 18 U.S.C. § 3142(e), a finding of probable cause that a person committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, punishable by ten years or more imprisonment, triggers rebuttable presumptions that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.  The rebuttable presumptions of 18 U.S.C. § 3142(e) shift to the defendant only the burden of producing contrary evidence, but does not shift the burden of persuasion. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989).[2]

The Government has presented the indictment and other evidence sufficient to establish probable cause that Defendant violated 21 U.S.C. §§ 841 and 846, and thus

---

[2] It is noted, however, the mere production of evidence does not completely rebut the presumption." *Rueben*, 974 F.2d at 586 (5th Cir. 1992) (citing *Hare*, 873 F.2d at 798). "Congress considered that in the circumstances that trigger the § 3142(e) presumption a 'strong probability arises that no form of conditional release will be adequate.'" *United States v. Fortna*, 769 F.2d 243, 251 (5th Cir. 1985) (citation omitted).

the Government has raised the 18 U.S.C. § 3142(e) presumptions. Defendant has pointed to evidence to challenge these presumptions, but the Court finds that the United States nevertheless has carried its burden of persuasion by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required, and reasonably assure the safety of the community under the circumstances of this case. *See* 18 U.S.C. § 3142(f).

Defendant was actively involved in the massive charged drug trafficking conspiracy. He was caught transporting five kilos of cocaine and had a .40 caliber firearm in his car at the time of the seizure and arrest.[3] He had direct (recorded) communications with lead co-defendant Joey Herrera in which they discussed the five kilogram cocaine transaction. The Court finds probable cause to believe that Defendant violated §§ 841 and 846, as charged in the indictment and, if convicted, faces a sentence of at least ten years imprisonment.

As to flight risk, Defendant prior to his arrest was unemployed for a substantial period of time, although he apparently has training and a degree as an airline mechanic. Defendant, as a United States citizen, could easily relocate outside this jurisdiction, if he chose. He has no dependents in Houston, and owns no real property. Defendant has presented no meaningful information about the property

---

[3] The Court has considered the fact that the gun was apparently in a gun case in the back seat of the car.

potentially available to serve as security for bond and forfeitable in the event he failed to appear.[4]

Regarding safety of the community, it is first noted that Defendant was arrested with a gun in his car with a substantial amount of cocaine. Further, the conditions of bond Defendant proposes are not sufficient. He lived with his mother when he is alleged to have committed this offense, which belies the argument that she would effectively oversee him while he is on bond. The evidence is insufficient to persuade the Court that Defendant is not a continuing threat to the community.

The Court therefore holds that the Government has sustained its burden of showing by clear and convincing evidence that no conditions or combination of conditions for bond will reasonably assure that Defendant will appear for trial and prevent Defendant from being a danger to the community. It is therefore

**ORDERED** that no order setting conditions of release will be issued at this time. It is further

**ORDERED** that Defendant Regino Garcia's request for bond pending trial [Doc. # 180] is **DENIED**.

SIGNED at Houston, Texas this 21st day of June, 2007.

Nancy F. Atlas
United States District Judge

---

[4] The Court has been presented with no evidence about the second proffered co-signer, except that she is a United States citizen living in Houston.